OPINION AND ORDER
BRENDA DESMOND, Chief Justice.
On May 10, 2011, Plaintiff/Appellant Fort Peck Tribes, (“The Tribes”), filed a Notice of Appeal of the May 3, 2011 final judgment of the Fort Peck Tribal Court dismissing the charge of Domestic Violence against Defendant/Appellee Malaciah Daniels. On June 80, 2011, we determined the appeal to be timely filed and set a briefing schedule. The Tribes filed their brief on August 8, 2011. Defendant Mala-ciah Daniels did not respond. We affirm in accordance with the following.
On August 11, 2010, Appellee Daniels, was charged with Abuse of a Child and Domestic Violence, in violation of Fort Peck Tribes Comprehensive Code of Justice, (“CCOJ”). Title VII, Sections 240 and 245, respectively. The charges stemmed from events that occurred on July 3, 2010 involving Appellee Daniels and Sioux Ann Big Leggins at Appellee Daniels’ mother’s home. Ms. Big Leggins and Appellee Daniels had had a personal relationship, had had one child together and Ms. Big Leggins was pregnant with their second child. According to Appellant Tribes’ brief, Defendant Daniels and Ms. Big Leggins were not residing together on July 3, 2010 but had resided together in the past at the Poplar Hotel. The record contains no additional information concerning the length of time or the dates they resided together.
On the day of Appellee Daniels’ trial, May 3, 2011, the Tribal Trial Court granted his Motion to Dismiss the Domestic Violence charge because it ruled that Ms. Big Leggins was not Appellant Daniels’ “family member” within the meaning of Section 245.
Section 245 states in relevant part:
A person who attempts by physical menace to put a family member or household member in fear of serious bodily harm, or by physical menace causes another to harm himself/herself, is guilty of domestic abuse. For the purposes of this Section, “family member or household member” means a person residing with the accused, and ‘residing1 means a residence in that domicile of one 24 hour [redacted] period or more.
Appellant Tribes contend that the Tribal Trial Court erred because under Section 245 as interpreted in In the Matter of Fort Peck Tribes v. Arthur Longee, (FPCOA No 466, 2007), Ms. Big Leggins is Appellant Daniels’ family member. The Longee decision analyzed the impact of the 2004 expansion of the 2001 domestic violence offense to include offenses against persons who were not related to the accused by blood or marriage but who had resided with the accused for a period of 24 hours or more. In Longee, we affirmed the Tribal Trial Court’s interpretation of the scope of this provision to include an offense against a victim who had resided with the accused but not in the three weeks preceding the offense. By contrast, here, the Tribal Trial Court determined that Ms. Big Leggins was not a family member, presumably because she and Appellant Daniels had not resided together within the meaning of Section 245. In the absence of a record to the contrary, we defer to the Tribal Trial Court’s determination, based on the facts before it, that Ms. Big *339 Leggins was not Appellant Daniels’ family member.
Therefore, the decision of the Tribal Trial Court is affirmed.